UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        Case No. 2:23-cr-20015

ISAAC BISHOP CHARLES                                                                        DEFENDANT

**ORDER**

Before the Court is Defendant's Motion to Dismiss. ECF No. 54. The Government responded in opposition. ECF No. 56. The Court finds the matter ripe for consideration. For the reasons stated below, Defendant's motion must be denied.

On May 2, 2024, Defendant Isaac Bishop Charles entered a guilty plea in this matter to one count of possessing a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). ECF No. 42, ¶ 1. The probation office's presentence investigation report ("PSR") assigned Mr. Charles a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B)(i)(II) and (ii)(I) on the grounds that, among other things, he "was a prohibited person at the time he committed the instant offense." ECF No. 48, ¶ 36. As justification for this finding, the PSR cited the fact that Mr. Charles was subject to a permanent protective order prohibiting firearm possession at the time he committed the instant offense. *Id.* at ¶¶ 31, 60. Mr. Charles did not object to this base offense level calculation. ECF Nos. 30 & 48-1. The final PSR was filed on June 18, 2024. ECF No. 48. However, on July 26, 2024, counsel for Mr. Charles notified the Court that the June 21, 2024, United States Supreme Court case of *United States v. Rahimi*, 144 S. Ct. 1889, raised issues implicating Mr. Charles's case and that motion practice would be necessary to address them. ECF No. 54, ¶ 1. That same day the sentencing hearing was cancelled (ECF No. 51), and it was later reset for October 10, 2024 (ECF No. 55).

Mr. Charles filed the instant motion on September 18, 2024, asking the Court to "dismiss this matter." Mr. Charles argues that *Rahimi* and the precedent on which it was based requires the following findings:

- that 18 U.S.C. § 922(o) violates the Second Amendment of the United States Constitution;

- that the permanent protective order prohibiting Mr. Charles from possessing firearms is unconstitutional under the same provision;

- that the application of § 922(g)(8) to an individual with a permanent protective order is similarly unconstitutional; and

- that the application of U.S.S.G. § 2K2.1(a)(4)(B)(ii) to Mr. Charles is unconstitutional.

ECF No. 55, p. 1.

The Court first notes that *Rahimi* has no relevance to the statute under which Mr. Charles was convicted: 18 U.S.C. § 922(o), which declares it "unlawful for any person to transfer or possess a machine gun."[1] *Rahimi* addressed the constitutionality of a different statute: 18 U.S.C. § 922(g)(8), which declares it unlawful for any person to ship, transport, or possess any firearm or ammunition when they are subject to a protective order that meets certain specified criteria. Moreover, *Rahimi* ultimately held that § 922(g)(8) does *not* facially violate the Second Amendment because "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." 144 S. Ct. at 1902.

The Supreme Court has never formally held whether § 922(o)'s machine-gun ban violates the Second Amendment. But in *District of Columbia v. Heller*—the case which inaugurated the modern era of Second-Amendment analysis—the Supreme Court's majority opinion observed that interpreting precedent to "mean that the National Firearms Act's restrictions on machineguns . . .

---

[1] There are certain exceptions to this prohibition that are not relevant in this matter.

might be unconstitutional" would be "a startling reading of the opinion." *See* 554 U.S. 570, 624 (2008) (discussing *United States v. Miller*, 307 U.S. 174 (1939) and that opinion's analysis of the Second Amendment). This is admittedly dicta and therefore not binding authority. But it is as persuasive an announcement of how the Supreme Court would rule if directly presented with the question as one can imagine. After all, *Heller* announced the same standard for Second Amendment analysis as has been employed ever since, including most recently in *Rahimi*. *See* 144 S. Ct. at 1897–98.

More importantly, the Eighth Circuit *has* addressed the constitutionality of § 922(o)'s machine-gun ban, and has expressly held that this statute does not violate the Second Amendment. *See United States v. Fincher*, 538 F.3d 868 (2008). Specifically, the Eighth Circuit held that "under *Heller*," the defendant's possession of machine guns "is not protected by the Second Amendment" because "[m]achine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use." *Id.* at 874. This Court is bound by that decision, and therefore finds that Mr. Charles's conviction under 18 U.S.C. § 922(o) does not violate the Second Amendment. *Cf. United States v. Hart*, 2024 WL 992632, at *5 (D. Minn. Jan. 3, 2024) (explaining that nothing in the Supreme Court's post-*Heller* decisions undermines *Fincher's* binding authority).

This does not end the analysis of Mr. Charles' motion, though. As noted above, he also challenges the application of the Sentencing Guidelines provision requiring a base offense level of 20 for being a "prohibited person" at the time when he committed the instant offense. Here, *Rahimi* has at least some superficial relevance because the PSR's justification for finding Mr. Charles a "prohibited person" was the existence of the protective order that was previously entered against him. ECF No. 48, ¶¶ 31, 36, 60. However, this Court ultimately need not explore the

constitutionality of this basis for applying U.S.S.G. § 2K2.1(a)(4)(B)(i)(II) and (ii)(I) to Mr. Charles, because the PSR also contains an alternative basis for that Guidelines provision's application: Mr. Charles' status of being under felony indictment at the time he committed the instant offense. ECF No. 48, ¶ 57. Application Note 3 to U.S.S.G. § 2K2.1 clarifies that "prohibited person" means "any person described in 18 U.S.C. § 922(g) or § 922(n)." And 18 U.S.C. § 922(n) prohibits "any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year" from shipping, transporting, or receiving firearms or ammunition. In Texas, where Mr. Charles was under felony indictment at the time he committed the instant offense, all felonies are punishable by terms of imprisonment exceeding one year. *See* Tex. Penal Code §§ 12.04, 12.31–12.35. Mr. Charles has not objected to or otherwise contested the accuracy of the PSR paragraph (ECF. 48, ¶ 57) showing that he was under felony indictment when he committed the instant offense. ECF Nos. 30 & 48-1. Accordingly, the Court finds that assessing a base offense level of 20 to Mr. Charles under U.S.S.G. § 2K2.1(a)(4)(B)(i)(II) and (ii)(I) is proper, regardless of *Rahimi* and any protective-order issues. The probation officer will be instructed to amend paragraph 31 of the PSR so that it cites paragraph 57, rather than paragraph 60, as justification for the finding that Mr. Charles was a prohibited person at the time of the instant offense.

      Accordingly, the Court finds that Defendant Isaac Bishop Charles's Motion to Dismiss (ECF No. 54) should be and hereby is **DENIED**.

      **IT IS SO ORDERED** this 27th day of September, 2024.

                                              /s/ Susan O. Hickey
                                              Susan O. Hickey
                                              Chief United States District Judge